## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 23 2020, 10:25 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Thomas J. Flynn
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Lacey M. Derringer,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

January 23, 2020

Court of Appeals Case No.
19A-CR-1580

Appeal from the Ripley Superior Court

The Honorable Jeffrey Sharp, Judge

Trial Court Cause No.
69D01-1808-F2-5

**Tavitas, Judge.**

## Case Summary

Lacey Derringer appeals her sentence of fifteen years, received pursuant to her guilty plea, for dealing in ten or more grams of methamphetamine, a Level 2 felony. We affirm.

## Issue

Derringer raises one issue, which we restate as whether her sentence is inappropriate in light of the nature of her offense and her character.

## Facts

On July 25, 2018, Officer Trevor Comer, with the Batesville Police Department, initiated a traffic stop of a vehicle driven by Derringer. As Officer Comer was writing Derringer a "warning ticket," Officer Danny Hamilton arrived with a K-9 officer who detected the presence of narcotics inside the vehicle. Appellant's App. Vol. II p. 13. Upon searching the vehicle, Officer Comer identified a clear plastic baggie containing 12.9 grams of methamphetamine, digital scales, and a ledger with names and dollar amounts. Derringer admitted to Officer Comer that she transported methamphetamine between Ohio and Indiana on three separate occasions to make money. On August 21, 2018, Derringer was charged with Count I, dealing in ten or more grams of methamphetamine, a Level 2 felony; Count II, maintaining a common nuisance, a Level 6 felony; and Count III, possession of paraphernalia, a Class C misdemeanor.

[4]     On April 17, 2019, Derringer and the State entered into a conditional plea agreement, in which the parties agreed: (1) Derringer would plead guilty to Count I; (2) the State would dismiss Counts II and III; and (3) Derringer would be sentenced at the discretion of the trial court with a maximum possible sentence of nineteen years. The trial court accepted the plea agreement.

[5]     The trial court held a sentencing hearing on May 28, 2019. Derringer testified regarding her drug addiction, which began when Derringer was eighteen or nineteen years old. Derringer asked the trial court to send her to a treatment facility instead of sentencing her to a fully executed sentence at the Indiana Department of Correction ("DOC"). Derringer acknowledged on cross-examination that her criminal history has escalated and that she was a courier for drugs to "feed [her] addiction." Tr. Vol. II p. 52. After hearing the evidence and arguments of the parties, the trial court took the matter under advisement and set sentencing pronouncement for two weeks later.

[6]     On June 11, 2019, the trial court held a pronouncement of sentencing hearing and entered a written sentencing order finding as aggravating factors: Derringer's criminal history; the nature and circumstances of the offense; and Derringer was a high risk to re-offend. The trial court found as mitigating factors: Derringer's guilty plea; Derringer's remorse; and Derringer's incarceration would be a hardship on her family. Specifically, twenty-six-year-old Derringer has a four-year-old daughter and Derringer's parents have

guardianship over her daughter.[1] The trial court found the aggravating circumstances outweighed the mitigating circumstances and sentenced Derringer to fifteen years at the DOC. The trial court also ordered that, after completion of half of Derringer's sentence and successful completion of the appropriate substance abuse treatment program determined by the DOC, the trial court would consider modification of Derringer's sentence. Derringer now appeals her sentence.

## Analysis

[7] Derringer asks that we review and revise her sentence pursuant to Indiana Appellate Rule 7(B), which provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence "is inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden to persuade this court that his or her sentence is inappropriate. *Wilson v. State,* 966 N.E.2d 1259, 1266 (Ind. Ct. App. 2012) (citing *Childress v. State,* 848 N.E.2d 1073, 1080 (Ind. 2006)), *trans. denied*.

[8] In Indiana, trial courts can tailor an appropriate sentence to the circumstances presented; the trial court's judgment receives "considerable deference." *Sanders v. State,* 71 N.E.3d 839, 844 (Ind. Ct. App. 2017) (quoting *Cardwell v. State,* 895

---

[1] When Derringer was arrested and officers asked about Derringer's daughter, Derringer responded that her parents "know the drill." Appellant's App. Vol. II p. 52.

N.E.2d 1219, 1222 (Ind. Ct. App. 2008)), *trans. denied.* In conducting our review, we do not look to see whether the defendant's sentence is appropriate or "if another sentence might be *more* appropriate; rather, the question is whether the sentence imposed is inappropriate." *Sanders,* 71 N.E.3d at 844 (citing *King v. State,* 894 N.E.2d 265, 268 (Ind. Ct. App. 2008)).

[9] We look to the statutory range established for the classification of the offense. Derringer pleaded guilty to dealing in ten or more grams of methamphetamine, a Level 2 felony. The sentence for a Level 2 felony ranges from ten to thirty years, with an advisory sentence of seventeen and one-half years. Here, the trial court imposed a sentence of fifteen years, or two and one-half years below the advisory sentence. The trial court also ordered that, upon completion of half of her incarceration in the DOC and the DOC's substance abuse treatment program, the trial court would consider modification of Derringer's sentence.

[10] Pursuant to Indiana Appellate Rule 7(B), we first review the nature of Derringer's offense. Derringer was a courier for methamphetamine, driving the drugs between Ohio to Indiana to "feed [her] addiction." Tr. Vol. II p. 52. Derringer made the same trip to and from Ohio three times and had a ledger with names and dollar amounts in her car.

[11] Next, we consider Derringer's character. Derringer has a lengthy criminal history, including convictions for: possession of marijuana, a Class A misdemeanor, in 2012; possession of cocaine, a Level 6 felony, in 2015; possession of a narcotic drug, a Level 6 felony, in 2015; unlawful possession of

a syringe, a Level 6 felony, in 2015; operating a vehicle while intoxicated, a Class A misdemeanor, in 2015; and neglect of a dependent, a Level 5 felony, in 2018. Derringer has also twice been found in violation of her probation. As the sentencing order indicates, Derringer's convictions have "escalated from misdemeanor possession of marijuana in 2012 to the current dealing in methamphetamine conviction." Appellant's App. Vol. II p. 52.

[12] Derringer argues, even though her sentence is below the advisory sentence, there are several factors that warrant revision of her sentence, including: (1) Derringer was cooperative with law enforcement; (2) Derringer provided law enforcement with names and locations of others involved in drug activity; (3) Derringer did not intend to cause harm and was instead merely serving as a courier to satisfy her own addiction; (4) Derringer had supportive family who were willing to provide her with a place to live; (5) Derringer suffered from a substance abuse addiction; (6) despite this addiction, Derringer was making progress toward and desired recovery; and (7) Derringer was remorseful, embarrassed, and recognized her need to turn her life around.

[13] Although we commend Derringer for her cooperation with law enforcement and for her desire to turn her life around, we cannot say this warrants imposition of a revised sentence based upon the record before us. Derringer has not convinced us that her fifteen-year sentence is inappropriate in light of the nature of the offense and her character.

## Conclusion

Derringer's sentence is not inappropriate in light of the nature of the offense and her character. We affirm.

Affirmed.

Najam, J., and Vaidik, J., concur.